IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**JOSH WILLIAMS, QUAYTEREZ BRAWLEY,
ZACHARY COLEMAN, JASPER FRYER,
KEVIN GOLLMAN, AVERY LENTON,
TAVARUS NORMAN, DORIAN RAY,
CRISTHIAN ROSARIO, ANTHONY SPRATT,
MARJESTER THORTON, ASHTON THREATT,
DERRICK WARD, LONZO WILLIAMSON, and
D'ANTHONY COPELAND, Each Individually
and on Behalf of All Others Similarly Situated,**

    Plaintiffs,

v.                                                               No. 1:18-cv-____

**JAL CHEMICAL CO., INC.,
d/b/a TEPH SEAL,**

    Defendant.

## COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Josh Williams, Quayterez Brawley, Zachary Coleman, Jasper Fryer, Kevin Gollman, Avery Lenton, Tavarus Norman, Dorian Ray, Cristhian Rosario, Anthony Spratt, Marjester Thorton, Ashton Threatt, Derrick Ward, Lonzo Williamson and D'Anthony Copeland, each individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their undersigned attorneys, and for their Complaint—Collective Action ("Complaint") against

Defendant JAL Chemical Co., Inc., d/b/a Teph Seal ("Defendant"), they do hereby state and allege as follows:

## I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of other current and former Automotive Detailer Technicians a/k/a Automotive Detail Technicians ("ADTs") who were paid by Defendant for their work in that position at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, fees and costs, as a result of Defendant's failure to pay Plaintiffs and other ADTs lawful minimum and overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. The acts complained of herein were committed and had their principal effect against Plaintiff Josh Williams within the Atlanta Division of the Northern District of Georgia, who resides (and resided during his employment as an ADT with Defendant) within this District, performed services for and was employed by Defendant as an ADT within this District during the period relevant to this Complaint, and received his paychecks from Defendant in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. Defendant is registered with the Georgia Secretary of State to transact business in Georgia, Defendant does business in this District, and a substantial part of the events alleged herein occurred in this District.

7. One or more witnesses to the minimum wage and overtime violations alleged in this Complaint reside in this District.

8. On information and belief, some or all of the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

9. Defendant may be served with process through its registered agent, C T Corporation System, 289 S Culver St, Lawrenceville, GA, 30046-4805 (Gwinnett County), located within this District.

### III. THE PARTIES

10. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff Josh Williams is an individual and resident and domiciliary of the State of Georgia. He was employed by Defendant as an ADT.

12. Plaintiff Quayterez Brawley is an individual and resident and domiciliary of the State of Georgia. He was employed by Defendant as an ADT.

13. Plaintiff Zachary Coleman is an individual and resident and domiciliary of the State of Georgia. He was employed by Defendant as an ADT.

14. Plaintiff Jasper Fryer is an individual and resident and domiciliary of the State of Georgia. He was employed by Defendant as an ADT.

15. Plaintiff Kevin Gollman is an individual and resident and domiciliary of the State of Georgia. He was employed by Defendant as an ADT.

16. Plaintiff Avery Lenton is an individual and resident and domiciliary of the State of Georgia. He was employed by Defendant as an ADT.

17. Plaintiff Tavarus Norman is an individual and resident and domiciliary of the State of Georgia. He was employed by Defendant as an ADT.

18. Plaintiff Dorian Ray is an individual and resident and domiciliary of the State of Georgia. He was employed by Defendant as an ADT.

19. Plaintiff Cristhian Rosario is an individual and resident and domiciliary of the State of Georgia. He was employed by Defendant as an ADT.

20. Plaintiff Anthony Spratt is an individual and resident and domiciliary of the State of Georgia. He was employed by Defendant as an ADT.

21. Plaintiff Marjester Thorton is an individual and resident and domiciliary of the State of Georgia. He was employed by Defendant as an ADT.

22. Plaintiff Ashton Threatt is an individual and resident and domiciliary of the State of Georgia. He was employed by Defendant as an ADT.

23. Plaintiff Lonzo Williamson is an individual and resident and domiciliary of the State of Georgia. He was employed by Defendant as an ADT.

24. Plaintiff D'Anthony Copeland is an individual and resident and domiciliary of the State of Georgia. He was employed by Defendant as an ADT.

25. JAL Chemical Co., Inc., is a foreign for-profit corporation, registered to transact business in Georgia with the Georgia Secretary of State's Office.

26. Plaintiffs worked for Defendant as ADTs in one or more weeks within the three (3) years preceding the filing of this Complaint.

27. Plaintiffs were paid an hourly rate.

28. At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA.

29. Defendant is a for-profit, foreign business corporation, providing automotive detailing delivery services to individuals from at least eleven (11) locations throughout Georgia and other locations throughout the U.S.

30. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each calendar year of the three years preceding the filing of this Complaint.

31. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

32. Defendant has a website (www.tephseal.com) which states its business, while headquartered in Orlando, Florida, serves car dealerships in several states,

including Georgia. The website gives the company's central address as 5615 Old Winter Garden Road, Orlando, Florida, 32811.

33. Defendant was at all times relevant hereto Plaintiffs' employer, as well as the employer of the members of the proposed collective action, and is and has been engaged in interstate commerce as that term is defined under the FLSA.

### IV.  FACTUAL ALLEGATIONS

34. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

35. During one or more weeks within the three (3) years prior to the filing of this lawsuit, Plaintiffs worked for Defendant as ADTs at Defendant's locations in Georgia.

36. Defendant directly hired Plaintiffs, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

37. Plaintiffs provided automotive detailing delivery services.

38. Plaintiffs were classified as hourly employees and paid an hourly rate.

39. Plaintiffs regularly worked in excess of forty (40) hours per week.

40. It was Defendant's common practice to not pay Plaintiffs for all of the hours during which they were performing services at Defendant's automotive detailing delivery service locations.

41. As a result, Defendant did not pay Plaintiffs a lawful minimum wage for all hours worked up to forty (40) in one week or one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) in a week.

42. Plaintiffs were and are entitled to a lawful minimum wage for all hours worked under forty (40) per week and overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

43. Defendant paid Plaintiffs overtime compensation for some hours worked in excess of forty (40) hours per week, but refused to pay Plaintiffs for all hours worked, even though Defendant was aware of those additional hours worked.

44. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other ADTs violated the FLSA.

### V. REPRESENTATIVE ACTION ALLEGATIONS

44. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as if fully set forth in this section.

45. Plaintiffs brings their claims for relief for violation of the FLSA individually and as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

46. Plaintiffs brings their FLSA claims on behalf of all hourly-paid ADTs employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

    A. Payment for all hours worked, including payment of a lawful minimum wage for all hours worked for Defendant and overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

    B. Liquidated damages, attorneys' fees and costs, and any allowable interest.

47. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have attached hereto as Exhibit "A" their written Consents to Join this lawsuit.

48. The relevant time period dates back three years from the date on which Plaintiffs' Complaint was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

49. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

    A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

    B. They were paid hourly;

    C. They recorded their time in the same manner; and

    D. They were subject to Defendant's common practice of denying all required pay for all hours worked, including overtime pay for some hours worked over forty (40) per work week.

50. Defendant can readily identify the members of the Section 16(b) Collective. The names and contact information of the putative FLSA collective action members are available from Defendant, and a Court-authorized Notice should be provided to the putative FLSA collective action members via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

53. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

54. 29 U.S.C. §§ 206 and 207 require employers to pay employees a minimum wage for all hours worked up to forty in one week and one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C. §§ 206, 207.

55. Defendant failed to pay Plaintiffs a lawful minimum wage and one and one-half (1.5) times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

56. Defendant failed to post all appropriate notices regarding the FLSA at the Plaintiffs' places of employment.

57. Upon information and belief, Defendant has failed to keep all records required to be maintained by an employer under the FLSA.

58. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

59. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, fees and costs, and any allowable interest, as provided by the FLSA.

60. Alternatively, if the Court finds that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA and if the Court then does not

exercise its discretion to nonetheless award liquidated damages, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

61.   Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

62.   Plaintiffs assert this claim on behalf of all ADTs employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for unpaid minimum wages all hours worked up to forty (40) each week and unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

63.   Plaintiffs brings this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

64.   29 U.S.C. §§ 206 and 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and one and one-half (1.50) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C. §§ 206, 207.

65.   Defendant failed to pay Plaintiffs and those similarly situated a lawful minimum wage and one and one-half times (1.5) their regular rate for all hours

worked over forty (40) hours per week, despite their entitlement thereto, and instead deliberately chose to only pay them some of what the law required for some of those hours.

66. Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

**All hourly-paid ADTs who were paid by Defendant for hours worked as hourly-paid ADTs within the three years preceding the Complaint date.**

67. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

68. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, fees and costs, and any allowable interest, as provided by the FLSA.

69. Alternatively, if the Court finds that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA and if the Court then does not exercise its discretion to nonetheless award liquidated damages, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Josh Williams, Quayterez Brawley, Zachary Coleman, Jasper Fryer, Kevin Gollman, Avery Lenton, Tavarus

Norman, Dorian Ray, Cristhian Rosario, Anthony Spratt, Marjester Thorton, Ashton Threatt, Derrick Ward, Lonzo Williamson and D'Anthony Copeland, each individually and on behalf of all others similarly situated respectfully pray that the Court enter a judgment and awarding the following:

  A. That Defendant be required to account to Plaintiffs and the collective action members for all of the hours worked by Plaintiffs and the collective action members and all monies paid to them;

  B. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

  C. Certification of a collective action, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

  D. Judgment for damages for all unpaid minimum and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

  E. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516.1 *et seq.*, in an amount equal to all unpaid minimum and overtime compensation owed to

Plaintiffs and members of the collective action during the applicable statutory period;

    F.    An order directing Defendant to pay Plaintiffs and members of the collective action reasonable attorney's fees and all costs connected with this action, and pre-judgment interest if not precluded by an award of liquidated damages; and

    G.    Such other and further relief as this Court may deem necessary, just and proper.

                                  Respectfully submitted,

*/s/ C. Andrew Head*
C. Andrew Head
GA Bar No. 341472
Bethany Hilbert (*pro hac vice* application to be filed)
HEAD LAW FIRM, LLC
4422 N. Ravenswood Ave.
Chicago, IL 60640
T: (404) 924-4151
F: (404) 796-7338
Email: ahead@headlawfirm.com;
       bhilbert@headlawfirm.com

Chris Burks (*pro hac vice* application to be filed)
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
T: (501) 221-0088
F: (888) 787-2040
chris@sanfordlawfirm.com

Attorneys for Plaintiffs